UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHRISTOPHER HATCHEL                                  CIVIL ACTION NO. 21-3361

VERSUS                                               JUDGE S. MAURICE HICKS, JR.

TRINITY OPERATING (USG), LLC                         MAGISTRATE JUDGE MCCLUSKY

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss (Record Document 9) filed by Defendant, Trinity Operating (USG), LLC ("Trinity Operating"), seeking dismissal of all claims filed by Plaintiff, Christopher Hatchel ("Hatchel"), pursuant to Federal Rule of Civil Procedure 12(b)(6). More specifically, Trinity Operating argues it is entitled to worker's compensation immunity. See id. Hatchel filed an opposition (Record Document 14), and Trinity Operating filed a reply (Record Document 15). Hatchel was also granted leave of court to file a sur-reply/objection (Record Document 18). For the following reasons, Trinity Operating's Motion to Dismiss is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On or about September 24, 2020, Trinity Operating and its employees were conducting operations on four unit wells in the Greenwood Wascom Field. The wells are all unit and alternate unit wells for the Hainesville Reservoir A Sand Unit DD and the Hainesville Reservoir A Sand Unit EE. In his complaint, Hatchel alleged the following:

- Trinity Operating owned the units or, in the alternative, co-owned the units;

- Trinity Operating operated the units;

- Trinity Operating owned the wells or, in the alternative, co-owned the wells;

- Trinity Operating operated the wells; and

- Trinity Operating owned the land and leases connected with the wells or, in the alternative, co-owned the land and leases connected with the wells.

See Record Document 1-1 at ¶¶ 4-11.

On September 24, 2020, a drilling rig was being moved from one well to another on the location. In connection with the move and/or skidding of the drilling rig, Trinity Operating engaged the services of Precision Drilling Corporation ("Precision"). Hatchel was an employee of Precision and was on the location on or about September 24, 2020. While the rig was being moved, the altered components suddenly and without warning came loose, striking Hatchel in the lower right leg and pinning him. Hatchel's lower right leg was crushed and ultimately had to be partially amputated. Hatchel alleges that the accident was caused by the negligence of Trinity, Trinity's company man, and/or Trinity's safety man.

Trinity Operating submits that it is entitled to worker's compensation immunity against Hatchel's claims and has moved for dismissal under the statutory employer defense, more specifically the two-contract defense. See Record Document 9. Trinity Operating argues such defense is applicable because Hatchel was working for Precision, which was subcontracted by Trinity Operating to perform work on the site of the alleged incident, at the time he was allegedly injured. See id. Trinity Operating contends the Petition for Damages describes a statutory employer scenario; thus, dismissal under Rule 12(b)(6) is warranted. See id.

Hatchel opposed the Rule 12(b)(6) motion, arguing that the two-contract theory is inapplicable to this case. See Record Document 14. Hatchel notes that he alleged only

one contract with Trinity Operating and there is no allegation of any second contract or a second contractual relationship.  See id. at 5.  He submits that if his allegations are accepted as true, then the Court should deny the motion because there can be no two-contract theory immunity when only one contract is alleged.  See id.

In reply, Trinity Operating argues Hatchel plead Trinity Operating owned the units, wells, and mineral leases at issue in order to avoid the two-contract theory of statutory employer immunity.  See Record Document 15.  Trinity Operating contends the allegation of ownership is an unsupported legal conclusion and well-pleaded facts to support the ownership allegation are absent from the petition.  See id.  Additionally, Trinity Operating submits that the Court may take judicial notice of facts within the public records that counter the unsupported legal conclusions of ownership.  See id.  Trinity Operating asserts it does not own the wells, units, or the land and leases connected with the wells.  See id. at 4.  It further argues that ownership would be a matter of public record and a search of the indirect indices for the conveyance records of Caddo Parish discloses that there are no instruments of record for Trinity Operating as the owner of any interest in the leases, wells, or units at issue.  See id. at 4-5.  Trinity Operating submits public records indicating it had to secure a servitude to use the surface needed to drill the wells.  See id. at 5; see also Record Documents 15-1 and 15-2.

In his sur-reply, Hatchel notes that he did not plead the existence of a second contract and that Trinity Operating has not come forward with any second contract.  See Record Document 18.  He argues that even noting the public records submitted by Trinity Operating, there is no actual second contract with a third party (or allegations of same).  See id. at 1-2.  Hatchel requests that he "be allowed to move forward with discovery to

explore the reasons why Trinity [Operating] cannot present any second contract and to also explore the identities of other potentially liable parties." Id. at 2.

## LAW AND ANALYSIS

### I. Legal Standard under FRCP 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading standard to state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of all complaints under Rule 8(a)(2) is now the "plausibility" standard found in Bell Atlantic Corp. v. Twombly and its progeny. 550 U.S. 544 (2007). Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations omitted). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for "failure to state a claim upon which relief can be granted." Courts must accept all factual allegations in the complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as facts. See id. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 679. If the complaint

does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court.'" Twombly, 550 U.S. at 558 (citations omitted).

Typically, courts may not rely upon evidence outside the complaint in deciding a Rule 12(b)(6) motion. See George v. SI Grp., Inc., 36 F.4th 611, 619 (5th Cir. 2022). "True, a district court may rely on evidence outside the complaint, without converting the Rule 12(b)(6) motion into a motion for summary judgment, if that evidence is either (a) a document attached to the Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of Evidence 201." Id.  A court may take judicial notice of matters of public record in deciding a Rule 12(b)(6) motion. See Luv N' Care, Ltd. v. Jackel Int'l Ltd., 502 F.Supp. 3d 1106, 1108 (W.D. La. 2020).

## II. Analysis

### a. Statutory Employer Defense and the "Two-Contract" Defense

Trinity Operating argues Hatchel's claims against it are based in worker's compensation and are therefore barred by the two-contract theory of statutory employer immunity. Under the Louisiana Workers' Compensation Act ("LWCA"), an employer is liable for compensation benefits to an employee injured in an accident arising out of and in the course of his or her employment. See La. R.S. § 23:1031. In those instances, the LWCA is the "exclusive remedy against the employer for such injury." La. R.S. § 23:1032(A). While this tort immunity naturally covers direct employers, it also covers non-direct employers termed "principals" classified as "statutory employers." Wright v. Excel

Paralubes, 807 F.3d 730, 732 (5th Cir. 2015); La. R.S. § 23:1061(A)(1). Section 1061(A) governs statutory employment. It states in part:

> [W]hen any "principal" as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 ....

La. R.S. § 23:1061(A)(1).

Louisiana law specifies only two grounds for finding a statutory employment relationship. The first exists when the principal is the middle of two contracts. This relationship is referred to as the "two-contract theory." Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Auth., 2002-1072, p. 8 (La. 4/9/03), 842 So.2d 373, 378.[1] The two-contract theory is at issue in this case because Trinity Operating claims it was a statutory employer. Thus, Trinity Operating "bears the burden of proving its entitlement to immunity." Mitchell v. S. Scrap Recycling, L.L.C., 2011-2201, p. 7 (La. App. 1 Cir. 6/8/12), 93 So. 3d 754, 758. The Court must strictly construe the "immunity statutes . . . against the party claiming the immunity." Id.

A principal[2] is only classified as a statutory employer under the two-contract theory when: (1) the principal enters into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for the principal to fulfill its contractual

---

[1] The second exists when "there is a written contract recognizing the principal as the statutory employer." Allen, 842 So.2d at 378; see La. R.S. § 23:1061(A)(3).

[2] "A 'principal' is defined in La. R.S. 23:1032(A)(2) as 'any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.'" Grant v. Sneed, 49,511 (La. App. 2 Cir. 11/19/14), 155 So. 3d 61, 68. In this case, Trinity Operating would be the principal.

obligation to perform the work, the principal enters into a subcontract for all or part of the work performed.  See Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Auth., 2002-1072 (La. 4/9/03), 842 So.2d 373, 379; see also La. R.S. § 23:1061(A)(2).  The defense only applies when the principal is sandwiched between two contracts.  See id.; see also Frantom v. USA, No. CV 20-385, 2021 WL 4343949, at *3 (W.D. La. Sept. 22, 2021).

Here, while there may be disagreement as to the ownership of the wells, there is no factual allegation of a second contract.  Rather, there is only the allegation of the contract between Trinity Operating and Precision.  Under the facts plead, there is no "sandwich," that is, Trinity Operating as the principal is not sandwiched between a third party and a subcontractor.  Even considering the public records submitted by Trinity Operating, the Court is still left with no actual second contract.  The binding Louisiana case law referenced above indicates there cannot be a two-contract defense without a second contract, regardless of whether Trinity Operating is an owner/operator.  The Court is one contract short of applying the two-contract defense.

At this stage of pleading, Hatchel has sufficiently informed the defense of the nature of his claims and has persuaded this Court that his complaint states a plausible claim for relief.  This is an instance where the Court believes Hatchel's case should proceed to discovery such that questions relating to ownership and the existence of a second contract can be explored.  Thus, Trinity Operating's Rule 12(b)(6) Motion to Dismiss is **DENIED**.

## CONCLUSION

Based on the reasons outlined above, Trinity Operating's Motion to Dismiss (Record Document 9) is **DENIED**. At this stage, Hatchel's claims against Trinity Operating shall proceed.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 29th day of March, 2023.

                                                S. MAURICE HICKS, JR., DISTRICT JUDGE
                                                    UNITED STATES DISTRICT COURT